

FILED
APR 16 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

United States District Court
Eastern District of Michigan

United States of America,

        Plaintiff,

-vs-

D-4 Rachel Torres-Bais,

        Defendant.

_____/

No. 5:11-cr-20537

Hon. John Corbett O'Meara

**Offense:** 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846

**Maximum Penalty:** Life Imprisonment

**Maximum Fine:** $10,000,000

### Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Rachel Torres-Bais and the government agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   The defendant will plead guilty to Count One of the Third Superseding Indictment, which charges her with conspiracy to possess with intent to distribute, and to distribute, 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846.

   B. **Elements of Offense**

   The elements of Count One are:

   1. That within the alleged time-frame, the defendant agreed with at least one other person to either possess heroin with the intent to distribute or distribute heroin;

   2. That the defendant did so knowingly or intentionally; and

3. That the defendant's offense involved at least one kilogram of a mixture or substance containing a detectable amount of heroin.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

From November 2010 through August 2011, the defendant conspired with Reyes Tapia-Nunez, Ranulfo Valle-Nunez, Juventino Valdovino, Dewight Brewer, Branda Lee Flores, and others to possess heroin with the intent to distribute it, and to distribute heroin, in metro Detroit. Specifically, in late 2010, the defendant received multiple kilograms of heroin from Tapia-Nunez and arranged to distribute the heroin in metro Detroit. Morever, the defendant received from Valdovino at least 20 kilograms of heroin, which she and Flores delivered to Brewer and other co-conspirators. For each transaction, the defendant obtained between one and three kilograms of heroin from Valdovino and delivered the drugs to Brewer and other co-conspirators. The defendant knew that the drugs involved in these transactions were heroin and that her involvement in the conspiracy extended to over 32 kilograms of heroin. She also agreed and intended that she, Flores, Brewer, and others would possess the heroin with intent to distribute and would, in fact, distribute the heroin. The defendant further stipulates that heroin is a controlled substance.

2. **Sentencing Guidelines**

    A. **Standard of Proof**

    The Court will find sentencing factors by a preponderance of the evidence.

    B. **Agreed Guideline Range**

    There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 135-168 months, as set forth on the attached worksheets. If the Court finds:

       a) that the defendant's criminal history category is higher than reflected on the attached worksheets, or

       b) that the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 135-168 months, the higher guideline range becomes the agreed range. However, if the Court finds that the defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets,

except as necessary to the Court's determination regarding subsections a) and b), above.

3.  **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

   A.  **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

   B.  **Supervised Release**

A term of supervised release follows the term of imprisonment. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a term of supervised release on Count One of 36 months. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

   C.  **Special Assessment**

The defendant will pay a special assessment of $100 and must provide the government with a receipt for the payment before sentence is imposed.

   D.  **Fine**

There is no agreement as to fines.

### E.  Restitution

Restitution is not applicable to this case.

### 4.  Additional Agreements, Waivers, and Stipulations

Any written agreement between defendant and the government, which is dated the same as this Rule 11 agreement, is part of this agreement.

### 5.  Forfeiture

As part of this agreement, and pursuant to the provisions of 21 U.S.C. § 853, Defendant agrees to forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from her violation of 21 U.S.C. §§ 841 and 846, and (b) any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of her violation of 21 U.S.C. §§ 841 and 846, as alleged in Count One of the Third Superseding Indictment.

Defendant expressly waives her right to have a jury determine the forfeitability of any property subject to forfeiture, as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

Defendant agrees to the prompt entry of one or more orders of forfeiture of her interests in the property to be forfeited upon application by the United States at, or any time before, her sentencing in this case. Defendant agrees to execute a Stipulated Preliminary Order of Forfeiture incorporating the forfeiture of the property to be forfeited to the United States.

Defendant further agrees to hold the United States, its agents and employees

harmless from any claims whatsoever in connection with the seizure or forfeiture of any property covered by this Rule 11 Plea Agreement.

Defendant agrees that she will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the above-identified property to the government, and will execute such legal documents as may be required to transfer title to the government and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, defendant will assist in obtaining a release of interest from any such other person or entity if requested to do so by the government.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that her agreement to forfeit the above-identified property is part of her Plea Agreement in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

6. **Use of Withdrawn Guilty Plea**

If the Court allows the defendant to withdraw her guilty plea for a "fair and just reason" pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), the defendant waives her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against her in any proceeding.

7. **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges against the defendant in this case at the time of sentencing.

8. **Each Party's Right To Withdraw From This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

The defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3A. This is the only reason for which the defendant may withdraw from this agreement. The Court shall advise the defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3A.

9. **Waiver of Appeal**

The defendant waives any right she may have to appeal her conviction. If the sentence imposed does not exceed the maximum allowed by Paragraph 3A of this

agreement, the defendant also waives any right she may have to appeal her sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

10. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If the defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against the defendant within six months after the date the order vacating the defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, the defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

11. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

12. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if the defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

13. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on April 7, 2013**. The government reserves the right to modify or revoke this offer at any time before the defendant pleads guilty.

_____
Dawn N. Ison
Chief, Drug Task Force Unit
Assistant United States Attorney

Barbara L. McQuade
United States Attorney

_____
Eric Doeh (w/permission)
Eric Doeh
Assistant United States Attorney

_____
Andrew Goetz
Assistant United States Attorney

Date: ~~3/29/2013~~ 4/2/13

By signing below, the defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. The defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.

_____
Ellen Dennis
Attorney for Defendant

_____
Rachel Bias-Torres
Defendant

Date:

- 10 -

| Defendant: | Rachel Torres-Bais (D-4) | Count: | One |
|---|---|---|---|
| Docket No.: | 11-20537 | Statute(s): | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2D1.1(c)(1) | Offense involving at least 32 kilograms of heroin | 38 |
| 2D1.1(b)(11) & 5C1.1 | Safety Valve | -2 |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.    **36**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*    [X]

*If the defendant has no criminal history, check this box and skip Worksheet C.*    [ ]

Rev. 8/2010

| | | | |
|---|---|---|---|
| Defendant: | Rachel Torres-Bais (D-4) | Count: | One |
| Docket No.: | 11-20537 | Statute(s): | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

# WORKSHEET B   (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL

   [   ] unit

2. **GROUP TWO: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL

   [   ] unit

3. **GROUP THREE: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL

   [   ] unit

4. **GROUP FOUR: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL

   [   ] unit

5. **TOTAL UNITS**

   [   ] units

6. **INCREASE IN OFFENSE LEVEL**

   1 unit → no increase           2 1/2 - 3 units → add 3 levels
   1 1/2 units → add 1 level      3 1/2 - 5 units → add 4 levels
   2 units → add 2 levels         > 5 levels → add 5 levels

   [   ]

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

   [   ]

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

   [   ]

Rev. 8/2010

| Defendant: | Rachel Torres-Bais (D-4) | Count: | One |
|---|---|---|---|
| Docket No.: | 11-20537 | Statute(s): | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): _____

1. **PRIOR SENTENCES**

   **Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):**     **3 POINTS**
   Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

   **Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):**     **2 POINTS**
   Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense.(see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

   **Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):**     **1 POINT**
   Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses).(see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 11/2/2008 | | Driving w/ License Suspended | Fine $265 | | 0 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

Rev. 8/2010

| Defendant: | Rachel Torres-Bais (D-4) | Count: | One |
|---|---|---|---|
| Docket No.: | 11-20537 | Statute(s): | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

(WORKSHEET C, p. 2)

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (See U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

3. **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However, enter only 1 point for this item if 2 points were added under Item 2. See U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

4. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. See U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

5. **TOTAL CRIMINAL HISTORY POINTS**   0
   Enter the sum of the criminal history points entered in Items 1-4.

6. **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

Rev. 8/2010

| | | | |
|---|---|---|---|
| Defendant: | Rachel Torres-Bais (D-4) | Count: | One |
| Docket No.: | 11-20537 | Statute(s): | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

# WORKSHEET D   (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

    Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

    **36**

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**

    **-3**

3. **TOTAL OFFENSE LEVEL**

    Enter the difference between Items 1 and 2.

    **33**

4. **CRIMINAL HISTORY CATEGORY**

    Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

    **I**

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a. <u>Total Offense Level</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    b. <u>Criminal History Category</u>  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

    Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

    **135-168 months**

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

    If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

    **months**

Rev. 8/2010

| | | |
|---|---|---|
| Defendant: | Rachel Torres-Bais (D-4) | Count: One |
| Docket No.: | 11-20537 | Statute(s): 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

# WORKSHEET E  (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

    [X] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    [X] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

Rev. 8/2010

| | | | |
|---|---|---|---|
| Defendant: | Rachel Torres-Bais (D-4) | Count: | One |
| Docket No.: | 11-20537 | Statute(s): | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

(WORKSHEET E, p. 2)

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

    a.    Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.    Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

[X] 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ] 4. The statute of conviction requires a minimum term of supervised release of __ months.

    c.    Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

[ ] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (See 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (See 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ __.

[ ] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ __. (See 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ] 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $ __. (See 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[X] 5. Restitution is not applicable.

Rev. 8/2010

| | | | |
|---|---|---|---|
| Defendant: | Rachel Torres-Bais (D-4) | Count: | One |
| Docket No.: | 11-20537 | Statute(s): | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846 |

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table</u> (U.S.S.G. § 5E1.2(c)(3))

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $ 17,500 | $ 10,000,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

- $100.00 for every count charging a felony ($400 for a corporation)
- $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $ 5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $___.

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.      [ ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

Rev. 8/2010