United States District Court
Eastern District of Michigan

Rachel Torres-Bais (D-4),

    Petitioner,

                                  Hon. John Corbett O'Meara

v.

                                  Criminal No. 5:11-cr-20537

United States of America,       Civil No. 5:14-cv-14859

    Respondent.
_____/

## Government's Response to Defendant's § 2255 Petition and to Defendant's Request for an Evidentiary Hearing

The Court should deny defendant Rachel Torres-Bais's § 2255 petition and her request for an evidentiary hearing, discovery, and appointment of counsel. Torres-Bais's first ineffective assistance of counsel claim fails because she has not demonstrated how any other attorney could have negotiated a better plea or cooperation agreement than the ones she signed. *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003). Torres-Bais's remaining ineffective assistance claims fail because her attorney did, in fact, make the very same sentencing arguments that Torres-Bais now contends her attorney should have made. Finally, Torres-Bais's request for an evidentiary hearing (and

1

related relief) fails because "the files and records of the case conclusively show that [she] is not entitled to relief." *Ross*, 339 F.3d at 490 (citation omitted). Torres-Bais's § 2255 petition and request for an evidentiary hearing should therefore be denied.

                                              Respectfully submitted,

                                              Barbara L. McQuade
                                              United States Attorney

| /s/ Eric Doeh | /s/ Andrew Goetz |
|---|---|
| Eric Doeh | Andrew Goetz |
| Assistant United States Attorney | Assistant United States Attorney |
| Eastern District of Michigan | Eastern District of Michigan |
| 211 West Fort Street, Suite 2001 | 211 West Fort Street, Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 226-9569 | Phone: (313) 226-9522 |
| Email: eric.doeh@usdoj.gov | Email: andrew.goetz@usdoj.gov |

Dated: March 9, 2015

United States District Court
Eastern District of Michigan

Rachel Torres-Bais (D-4),

    Petitioner,

                              Hon. John Corbett O'Meara

v.

                              Criminal No. 5:11-cr-20537

United States of America,       Civil No. 5:14-cv-14859

    Respondent.

_____/

# Brief in Support of
# Government's Response to Defendant's § 2255 Petition and to Defendant's Request for an Evidentiary Hearing

1

## Issue Presented

Can the defendant establish ineffective assistance of counsel where her attorney negotiated the best possible plea and cooperation agreements and put forward all of the same arguments at sentencing that the defendant now rehashes in her § 2255 petition?

## Controlling Authority

*Strickland v. Washington*, 466 U.S. 668 (1984)

*Ross v. United States*, 339 F.3d 483 (6th Cir. 2003)

## Background

Defendant Rachel Torres-Bais was the middleman for a major Mexican drug cartel funneling heroin and cocaine into the United States. (PSR ¶ 19; R. 116: Plea Agreement ¶ 1C). Working with the cartel's leadership, Torres-Bais coordinated many multi-kilogram heroin deals in metro Detroit, arranging for the heroin to be picked up and delivered to the cartel's drug distributors. (PSR ¶ 19; R. 116: Plea Agreement ¶ 1C). For many of those deals, Torres-Bais and her cousin, Branda Flores, picked up the heroin at Juventino Valdovino's apartment in Pontiac and delivered it to Dewight Brewer in Detroit. (PSR ¶ 19; R. 116: Plea Agreement ¶ 1C).

Torres-Bais pleaded guilty to participating in this heroin conspiracy. (R. 116: Plea Agreement; R. 117: Guilty Plea Questionnaire). She stipulated in her plea agreement that she trafficked "over 32 kilograms of heroin." (R. 116: Plea Agreement ¶ 1C). She then personally confirmed at the plea hearing that her involvement in the conspiracy extended to "at least 32 kilograms of heroin." (R. 251: Plea Tr. at 20). Her plea agreement thus included a guideline range of 135–168 months, which later increased to 168–210 months because the probation department discovered additional criminal history points. (*See* PSR ¶ 42; R. 116: Plea Agreement ¶ 2B).

At sentencing, the government moved for a downward departure under USSG § 5K1.1 and 18 U.S.C. § 3553(e), to reflect Torres-Bais's substantial assistance. (Gov't Sent. Memo. at 1 (Sealed)). The government recommended that the Court adopt a new guideline range of 67–84 months and sentence Torres-Bais at the very bottom of that range. (*Id.* at 1–2). The government's recommendation was a sizable downward departure—68% below the top of Torres-Bais's adjusted guideline range. (*Id.* at 2). And at the sentencing hearing, the Court granted the government's motion for a downward departure and

3

sentenced Torres-Bais to 67 months in prison. (R. 249: Sent. Tr. at 15; R. 197: Judgment at 2).

Torres-Bais has now petitioned the Court under 28 U.S.C. § 2255. Torres-Bais does not challenge her conviction, but rather contends that her attorney's performance was so deficient that it entitles her to a lower prison sentence. (R. 233: § 2255 Petition, PgID 937). Torres-Bais has also filed a separate request for an evidentiary hearing, discovery, and appointment of counsel, referring back to her § 2255 petition as the sole basis for that relief. (R. 241: Request for Evidentiary Hearing).

## Argument

Torres-Bais cannot demonstrate ineffective assistance of counsel. A defendant claiming ineffective assistance must establish (1) constitutionally deficient performance—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) prejudice—"that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Torres-Bais's claims do not satisfy either prong of that standard.

4

As for her first claim, Torres-Bais has not shown—and cannot show—that her attorney was ineffective during the negotiations over her plea and cooperation agreements. (R. 233: § 2255 Petition, PgID 928). Torres-Bais's attorney negotiated a good deal. The drug quantity in the plea agreement reflected only 32 kilograms of heroin—the same quantity that Torres-Bais later admitted in open court. (R. 116: Plea Agreement ¶ 1C; R. 251: Plea Tr. at 20). The cooperation agreement resulted in a sentence that was 68% below the top of Torres-Bais's final guideline range—and far below what most major drug traffickers receive. And Torres-Bais has not even suggested how a different attorney could have succeeded in negotiating a better plea or cooperation agreement. Because Torres-Bais "offers no evidence that [her] counsel (or anyone else) could have negotiated a plea that would have guaranteed" the sentence she desires, she cannot demonstrate ineffective assistance of counsel on that basis. *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003).

Torres-Bais's remaining claims fall short because her attorney actually did raise all of the sentencing arguments that Torres-Bais now claims her attorney should have raised. (R. 233: § 2255 Petition, PgID

5

929–31). Her attorney filed a lengthy sentencing memorandum; she also spoke for her client at length at the sentencing hearing. (*See* Def. Sent. Memo. (Sealed)); R. 249: Sent. Tr. at 6–10). Her attorney argued— indeed, emphasized—that Torres-Bais's cooperation merited a more significant downward departure than the government had recommended. (Def. Sent. Memo. at 5–10 (Sealed)); R. 249: Sent. Tr. at 8–9). Her attorney also highlighted Torres-Bais's post-arrest rehabilitation. (Def. Sent. Memo. at 12, Exs. 1 & 2 (Sealed)); R. 249: Sent. Tr. at 9–10). In short, Torres-Bais's attorney did everything that Torres-Bais now claims her attorney should have done. And because Torres-Bais has not even suggested—much less demonstrated—how a different attorney could have obtained a better result, she cannot demonstrate ineffective assistance of counsel. *Strickland*, 466 U.S. at 687.

Finally, and for similar reasons, the Court should deny Torres-Bais's request for an evidentiary hearing, discovery, and appointment of counsel. (R. 241: Request for Evidentiary Hearing). Nothing in Torres-Bais's § 2255 petition suggests the type of factual dispute that would necessitate an evidentiary hearing or additional discovery. And a § 2255

6

petitioner "is not entitled to a hearing . . . if the files and records of the case conclusively show that [she] is not entitled to relief." *Ross*, 339 F.3d at 490 (citation and internal quotation marks omitted). That is equally true here, where the previously filed documents and transcripts resolve Torres-Bais's claims in their entirety.

## Conclusion

Torres-Bais's § 2255 petition and other requests should be denied.

Respectfully submitted,

Barbara L. McQuade
United States Attorney

/s/ Eric Doeh
Eric Doeh
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9569
Email: eric.doeh@usdoj.gov

/s/ Andrew Goetz
Andrew Goetz
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9522
Email: andrew.goetz@usdoj.gov

Dated: March 9, 2015

7

## Certificate of Service

I certify that on March 9, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all users of record. I further certify that I have mailed the foregoing paper by United States Postal Service to the following non-ECF participant:

>Rachel Torres-Bais
>Fed. Reg. No. 46935-039
>USP Hazelton, Secure Female Facility
>P.O. Box 2000
>Bruceton Mills, WV 26525

>/s/ Andrew Goetz
>Andrew Goetz
>Assistant United States Attorney
>Eastern District of Michigan
>211 West Fort Street, Suite 2001
>Detroit, MI 48226
>Phone: (313) 226-9522
>Email: andrew.goetz@usdoj.gov