UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL BAIS-TORRES,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

                                              /

Criminal Case No. 11-20537
Civil Case No. 14-14859

Honorable John Corbett O'Meara

## **OPINION AND ORDER DENYING PETITIONER'S MOTIONS**

This matter came before the court on the following *pro se* motions filed by petitioner Rachel Bais-Torres: 1) Motion Under § 2255 to Vacate, Set Aside or Correct Sentence, filed December 22, 2014; 2) Motion for Discovery, Evidentiary Hearing, and Appointment of Counsel, filed January 29, 2015; 3) Application to Proceed Without Paying Fees or Costs, filed January 29, 2015; and 4) Motion in Supplement to Application to Proceed In Forma Pauperis, filed January 29, 2015. The government filed a single response to all the motions March 9, 2015; and Petitioner filed a reply brief April 21, 2015. No oral argument was heard.

## **BACKGROUND FACTS**

Petitioner Rachel Bais-Torres pleaded guilty to participating in a heroin conspiracy, stipulating in her plea agreement that she trafficked over 32 kilograms of heroin. Her proposed Sentencing Guideline range was initially 135-168 months, later increasing to 168-210 months after the probation department discovered additional criminal history points.

At sentencing, the government moved for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(3), to reflect Bais-Torres' substantial assistance. The government recommended

that the court adopt the new Guideline range of 67-84 months and sentence her to the very bottom of that range. The court granted the motion for downward departure and sentenced Petitioner to 67 months in prison.

Petitioner Bais-Torres has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. She does not challenge her conviction; rather, she contends that her attorney's performance was so deficient that it entitles her to a lower prison term. Petitioner has filed separate motions requesting an evidentiary hearing, discovery, and appointment of counsel. All of her motions refer to her § 2255 motion as the sole basis for that relief.

## LAW AND ANALYSIS

A defendant claiming ineffective assistance of counsel must establish both constitutionally deficient performance--that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and prejudice--"that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

In this case Petitioner cannot show that her attorney was ineffective during negotiations regarding her plea and cooperation agreements. The drug quantity in the plea agreement reflected only 32 kilograms of heroin, the same quantity Bais-Torres later admitted to in open court. The cooperation agreement resulted in a sentence that was 68% below the top of her final Guideline range and far below what most major drug traffickers receive. Petitioner's counsel negotiated a good deal, and she has failed to show how a different attorney could have succeeded in negotiating a better plea deal or cooperation agreement. See Ross v. United States, 339 F.3d 483, 492 (6th Cir. 2003).

Petitioner's remaining complaints regarding her attorney are without merit, as her attorney did raise all of the sentencing arguments Petitioner claims her attorney should have raised. Her attorney filed a lengthy sentencing memorandum and spoke for her client at length at the sentencing hearing. Her attorney emphasized that Petitioner's cooperation merited a more significant downward departure than the government had recommended and highlighted Petitioner's post-arrest rehabilitation--things she claims her attorney should have done.

Nothing in Petitioner's § 2255 request suggests a type of factual dispute that would necessitate an evidentiary hearing or additional discovery. A § 2255 petitioner "is not entitled to a hearing ... if the files and records of the case conclusively show that [she] is not entitled to relief." See Ross, 339 F.3d at 490. Finally, Petitioner's request for appointment of counsel is rendered moot by the court's May 18, 2015 order.

## ORDER

It is hereby **ORDERED** that petitioner Rachel Bais-Torres' December 22, 2014 Motion Under § 2255 to Vacate, Set Aside or Correct Sentence is **DENIED.**

It is further **ORDERED** that Petitioner's January 29, 2015 Motion for Discovery, Evidentiary Hearing, and Appointment of Counsel is **DENIED.**

It is further **ORDERED** that Petitioner's January 29, 2015 Application to Proceed Without Paying Fees or Costs is **DENIED.**

It is further **ORDERED** that Petitioner's January 29, 2015 Motion in Supplement to Application to Proceed In Forma Pauperis is **DENIED.**

                                    s/John Corbett O'Meara  
                                    United States District Judge

Date:  June 17, 2015

  I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 17, 2015, using the ECF system and/or ordinary mail.

                s/William Barkholz
                Case Manager